UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE M. KUHARSKI, | No. 2:12-cv-01055-AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on a motion to amend the judgment by the Commissioner of Social Security ("Commissioner"). This motion seeks to amend the judgment entered after the undersigned granted plaintiff's application for summary judgment following the Commissioner's denial of his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). For the reasons discussed below, defendant's motion will be granted in part.

PROCEDURAL HISTORY

Plaintiff Theodore M. Kuharski filed an application for SSI on August 26, 2009, alleging disability beginning July 13, 2009. Administrative Record ("AR") 144-51. Plaintiff's application was initially denied on February 11, 2010, and again upon reconsideration on September 9, 2010. AR 87-92, 96-100. On September 7, 2011, a hearing was held before administrative law judge ("ALJ") Carol A. Eckerson. AR 10-19. Plaintiff appeared with an attorney representative at the

1

hearing, at which plaintiff and a vocational expert ("VE") testified. AR 31-82. Following the hearing, the ALJ determined that plaintiff was not disabled under the Act and issued an order denying benefits on November 18, 2011. AR 10-19. Plaintiff appealed, but his request for review was denied by the Appeals Council on February 17, 2012, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4.

On April 20, 2012, plaintiff initiated this action by filing his complaint for judicial review of the Commissioner's decision. Plaintiff filed his opening brief on October 1, 2012 asserting the ALJ erred by failing to consider plaintiff's post-traumatic stress disorder ("PTSD") as a severe impairment, failing to credit plaintiff's statements and mischaracterizing the record, and failing to credit the vocational expert's ("VE") testimony that plaintiff could not work if he missed more than one day of work per month. ECF No. 14. The Commissioner filed a cross-motion for summary judgment on October 31, 2012, to which plaintiff filed a reply on November 20, 2012. ECF Nos. 16, 18.

The Court found the ALJ erred in rejecting plaintiff's testimony regarding the severity of mental health symptoms and further erred by failing to include the mental functioning impairments identified by Dr. Finkel in the hypothetical questions posed to the VE. ECF No. 19. Accordingly, judgment was issued in favor of plaintiff on July 16, 2013. Defendant now seeks to have the judgment be amended in favor of the Commissioner. ECF No. 21.

## LEGAL STANDARDS

District courts may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). The Ninth Circuit explained,

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003)

1  (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)).  A motion to amend

2  judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or

3  present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co.

4  v. Baker, 554 U.S. 471, 486 n.5 (2008).

## DISCUSSION

Defendant moves for relief under Rule 59(e) "to correct manifest errors of law or fact upon which the judgment is based."  According to defendant, the Court erred in finding that the ALJ failed to include plaintiff's limitations with regard to attention, concentration, pace and ability to attend a regular work schedule in her residual functional capacity ("RFC").[1]  This finding, argues defendant, tainted the Court's conclusion that the ALJ's hypothetical question to the VE should have included these limitations.

A.   The ALJ's Residual Functional Capacity

The Commissioner first argues that the Court erred by failing to explain how the ALJ's RFC finding was not supported by substantial evidence and failing to follow controlling authority.

Generally, in order for the testimony of a VE to be reliable, the hypothetical posed must include "all of the claimant's functional limitations, both physical and mental" that are supported by the record.  Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995).  In this case, the examining psychologist, Barry N. Finkel, Ph.D., found in relevant part as follows, on the basis of his examination and psychological testing:

> The patient . . . can follow simple instructions.  He should be able to attend to and follow through on simple tasks without direct supervision.  Attention, concentration, and pace are all in the moderately impaired range.  Interaction with others such as

---

[1] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96–8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. Id. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

|   |   |
|---|---|
| 1 | supervisors and peers is likely to be mildly impaired.  From a psychiatric standpoint, his ability to work over an eight-hour day and attend to a regular work schedule is considered moderately impaired. |
| 2 | |
| 3 | AR 499. |
| 4 | The ALJ's RFC, in turn, was as follows: |
| 5 | After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is precluded from climbing ladders, ropes and scaffolds; he can occasionally climb ramps and stairs; he can occasionally reach overhead with the right dominant upper extremity; he should avoid concentrated exposure to hazards; and he is limited to simple repetitive tasks. |

AR 14.

On review, the undersigned found that the ALJ's RFC did not account for Dr. Finkel's mental health limitations—specifically, his moderate impairments in attention, concentration and pace and his ability to work a regular work schedule—and was thus a rejection of Dr. Finkel's opinion without specific and legitimate reasons. In her present motion, the Commissioner argues that the ALJ's RFC did in fact incorporate Dr. Finkel's opinion as to mental health limitations because Dr. Finkel opined that, even with moderate impairments in attention, concentrate and pace, plaintiff nonetheless remains able to follow simple instructions and attend to and follow through on simple tasks without direct supervision.

The cases on this issue vary depending on the facts. In Stubbs-Danielson, 539 F.3d 1169, 1174 (9th Cir. 2008), the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." There, the record contained some evidence of the claimant's slow pace, but the only "concrete" functional limitation provided by the medical sources was a medical source opinion that, despite that slow pace, the claimant could perform "simple tasks." Id. at 1173-74. The ALJ assessed an RFC that limited the claimant to "simple, routine, repetitive sedentary work." Id. at 1173. The Ninth Circuit concluded that the ALJ did not err in that formulation of the RFC because it was consistent with the medical record and, as a result, the ALJ not err in posing hypothetical questions to the vocational expert. Id.; see also Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001)

4

(limitation of often having deficiencies of concentration, persistence or pace which was interpreted by a doctor into a functional capacity assessment of being "able to sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function" was adequately captured in a hypothetical for "someone who is capable of doing simple, repetitive, routine tasks").

Of course, where medical testimony identifies more significant restrictions related to concentration, persistence or pace, an ALJ errs by formulating an RFC limiting claimant only to simple, repetitive work. See Brink v. Comm'r Soc. Sec. Admin, 343 Fed. Appx. 211, 212 (9th Cir. 2009) (RFC of simple, repetitive work does not encompass "moderate difficulty with concentration, persistence, or pace"). Consistent with the case-by-case approach employed in these matters, the courts recognize that for plaintiffs who have difficulty *maintaining* focus for extended periods, an RFC of simple, repetitive work does not adequately capture a psychologist's opinion that the plaintiff suffers a moderate limitation in concentration, persistence, or pace. See id.

But that is not the case here. Plaintiff has not identified any medical evidence to suggest that he has any additional difficulty, such as maintaining concentration. Rather, the medical evidence in this case, as provided by Dr. Finkel, clearly indicates that, despite plaintiff's moderate impairment in attention, concentration and pace, he can nonetheless "follow simple instructions" and that "should be able to attend to and follow through on simple tasks without direct supervision." Thus, the ALJ's RFC adequately encompassed this impairment.

Plaintiff counters that Dr. Finkel also opined that plaintiff is moderately impaired in his ability to attend to a regular work schedule, an impairment that plaintiff argues is not captured in a limitation to simple repetitive tasks. The Court agrees. While plaintiff may have the mental acuity to perform simple, unskilled work, he may have psychological difficulties attending a job on a regular schedule. As the ALJ's RFC does not account for this impairment, the Court will deny defendant's motion as to this argument.

////

////

B.     The ALJ's Credibility Finding

The Commissioner next argues that the Court erred by failing to follow the standard of review when considering the ALJ's credibility finding.

Here, after the ALJ summarized plaintiff's testimony and allegations, she found plaintiff's allegations concerning the intensity, persistence and limiting effects of his symptoms to be less than fully credible. In evaluating the ALJ's finding, the Court found that at least some of these reasons for rejecting plaintiff's testimony were inadequately supported. The Commissioner contends the Court erred in reweighing the evidence and in pointing to alternative evidence instead of analyzing whether the ALJ's reasons themselves were supported by substantial evidence.

Turning to the Court's analysis, while the ALJ first found that plaintiff's activities of daily living were inconsistent with his testimony, the Court pointed to evidence in the record suggesting that these activities were performed on only an occasional basis and to a very limited degree. The Court was entitled to point to contrary evidence establishing that the ALJ's interpretation of the record was unreasonable. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) ("While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."). Thus, there was no error here.

The ALJ also discounted plaintiff's credibility because his treatment was conservative overall, there was no history of hospitalization for his mental impairments, and he was symptom-free as to his mental impairments when he was compliant with medication. The Court found that these reasons were not supported by substantial evidence because there was no medical opinion in the record that plaintiff's regimen of anti-seizure, anti-psychotic and anti-anxiety drugs constitutes a "conservative" course of pharmaceutical treatment; because plaintiff's lack of hospitalization for mental treatment does not serve as a proxy for disability; and because plaintiff's mental impairments were not stabilized as evidenced by his "partial/inadequate" response to them.

On review, the Court affirms its previous ruling that the ALG erred in deeming plaintiff's course of treatment "conservative." While there is no requirement that a medical opinion be

6

1 provided to address the aggressiveness of a plaintiff's course of treatment, and the undersigned
2 erred in suggesting otherwise, the ALJ's determination was unreasonable in light of the numerous
3 medications prescribed to plaintiff (anti-seizure, anti-psychotic and anti-anxiety).  Additionally,
4 the Court affirms its finding that the ALJ's reliance on the lack of hospitalization is unreasonable
5 and does not constitute a clear and convincing reason for rejecting plaintiff's credibility regarding
6 his mental limitations.  See, e.g., Bagdoyan v. Colvin, 2013 WL 941965, at *4 (C.D. Cal. 2013)
7 ("Under the circumstances, the Court finds that the ALJ's rationale of the allegedly conservative
8 nature of plaintiff's treatment for depression, the lack of history of psychiatric hospitalization, and
9 the lack of serious clinical signs of a mental impairment did not constitute a clear and convincing
10 reason to discount plaintiff's excessive pain testimony."); Delgiudice v. Barnhart, 2006 WL
11 2830792, at *5 (C.D. Cal. 2006) ("[T]he ALJ was not entitled to disregard [plaintiff's] subjective
12 symptom testimony regarding her limitations on the basis that her mental impairment has not
13 required her hospitalization.")

14      Nonetheless, substantial evidence exists to support the ALJ's findings that plaintiff's
15 "symptomatology was controlled and stabilized with the use of psychotropic medications" and
16 that "when the [plaintiff] was compliant with treatment his mental condition was stable."  See,
17 e.g., AR 564, 567, 571-72; Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (holding that
18 the ALJ may cite a claimant's failure to follow recommended treatment in finding him not
19 credible).   Indeed, even when plaintiff was intermittently compliant, his treating psychiatrist
20 noted improvement in his demeanor.  See id.  As to the Court's previous finding that plaintiff's
21 response to medication was "partial/inadequate" rather than stabilized, the record reflects that this
22 response was due to his non-compliance with the medication and not the ineffectiveness of the
23 medication itself.  Thus, the judgment shall be amended to reflect that the ALJ's reasoning for
24 discounting plaintiff's credibility is supported by substantial evidence.

25      Based on the foregoing, IT IS HEREBY ORDERED that:
26      1. The Commissioner's motion to amend (ECF No. 21) is granted in part;
27      2. The judgment of this Court, as entered on July 16, 2013, is amended to be consistent
28         with this order;

7

3. This action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order;

4. The Commissioner's motion to strike or hold in abeyance plaintiff's motion for attorney's fees (ECF No. 25) is denied as moot; and

5. The Commissioner shall file a response to plaintiff's motion for attorney's fees within thirty (30) days from the date of this order.

DATED: July 9, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE