1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THEODORE M. KUHARSKI,                    No.  2:12-cv-1055 AC

12                     Plaintiff,

13          v.                                ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15

16                     Defendant.

17          Plaintiff brought this action seeking judicial review of a final administrative decision

18   denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social

19   Security Act.  He obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g).[1]  He now

20   seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28

21   U.S.C. § 2412(d).

22                               I.  PROCEDURAL HISTORY

23          On July 16, 2013, following the filing of a motion for summary judgment by plaintiff and

24   a cross-motion for summary judgment by defendant Commissioner of Social Security

25   ("defendant" or "the government"), the court granted plaintiff's motion, denied defendant's cross-

26   _____

27   [1]  Sentence four of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the
     pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision
     of the Commissioner of Social Security, with or without remanding the cause for a rehearing."
28

                                                1

motion for summary judgment, and remanded the action for further proceedings. ECF No. 19.
The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ")
erred (1) in rejecting plaintiff's testimony regarding the severity of his mental health symptoms,
because none of the ALJ's three bases for rejecting the testimony were supported by substantial
evidence, and (2) by failing to include the mental functioning impairments identified by Barry N.
Finkel, Ph.D. – "limitations to attention, concentration, pace and ability to attend a regular work
schedule" – in the hypothetical questions posed to the Vocational Expert. Id. at 5-10. However,
the court rejected plaintiff's argument that the ALJ erred in failing to find at Step Two that
plaintiff's post-traumatic stress disorder ("PTSD") was severe. Id. at 4-5.

On August 6, 2013, defendant moved to amend the court's judgment so as to affirm the
ALJ's decision. ECF No. 21. The court partially granted the motion to amend, finding that one
of the ALJ's three bases for rejecting plaintiff's testimony regarding the severity of his mental
health systems was, in fact, supported by substantial evidence.[2] ECF No. 26 at 7. However, the
court denied defendant's motion to the degree it sought to overturn the court's finding that the
ALJ erred by presenting an incomplete hypothetical to the Vocational Expert, resulting in a
Residual Functional Capacity assessment ("RFC") that failed to encompass plaintiff's
impairment. The court did agree with defendant that the ALJ's RFC did, in fact, adequately
encompass part of the impairment identified in the earlier decision, namely plaintiff's "moderate
impairment in attention, concentration and pace." Id. at 5. However, the court found, as it had
initially, that the ALJ's RFC failed to account for plaintiff's "psychological difficulties attending
a job on a regular schedule." Id. Accordingly, remand was still required.

On October 15, 2013, plaintiff filed a motion for attorneys fees under the Equal Access to
Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 24. He sought a fee award of $7,520.26 for
40.80 hours appealing the ALJ's unfavorable decision and opposing defendant's motion to amend

---

[2] Specifically, "substantial evidence exists to support the ALJ's findings that plaintiff's
'symptomatology was controlled and stabilized with the use of psychotropic medication' and that
'when the [plaintiff] was compliant with treatment his mental condition was stable.'" ECF
No. 27 at 7.

1    the judgment.  ECF No. 24-3 at 1-3.  Defendant opposed the motion, arguing that the

2    government's position was substantially justified, that plaintiff's counsel improperly billed for

3    work pre-dating the complaint, that he improperly charged for clerical work, that he billed too

4    many hours on the "routine issues" involved in this case, that he took too long to write his reply

5    briefs, and that he is not entitled to fees "for the time spent briefing the issues on which the Court

6    ultimately affirmed the Commissioner."  ECF No. 27.  Defendant also argues that any award

7    should be made payable to plaintiff, rather than to his attorney.  ECF No. 27 at 7-8.

8         On August 16, 2014, plaintiff filed a "Supplemental Application" seeking attorney's fees

9    incurred in preparing the original EAJA motion.  ECF No. 29.  Defendant has not opposed this

10   motion.

11                              II.  THE LAW – EAJA

12        EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses

13   . . . incurred by that party in any civil action . . . including proceedings for judicial review of

14   agency action, brought by or against the United States . . . unless the court finds that the position

15   of the United States was substantially justified or that special circumstances make an award

16   unjust."  28 U.S.C. § 2412(d)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) ("[u]nder

17   EAJA, a party prevailing against the United States in court, including a successful Social Security

18   benefits claimant, may be awarded fees payable by the United States if the Government's position

19   in the litigation was not "'substantially justified'").  "The government has the burden of proving

20   its positions were substantially justified."  Hardisty v. Astrue, 592 F.3d 1072, 1077 n.2 (9th

21   Cir. 2010), cert. denied, 131 S. Ct. 2443 (2011).

22        A "party" under the EAJA is defined as including "an individual whose net worth did not

23   exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The

24   term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

25   "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

26   prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

27   resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (quoting 28 U.S.C.

28   § 2412(d)(1)(C) and citing 28 U.S.C. § 2412(d)(2)(D)).

1    A party who obtains a remand in a Social Security case is a prevailing party for purposes

2    of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has

3    ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

4    four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."); Flores v.

5    Shalala, 49 F.3d 562, 569 (9th Cir. 1995) ("[b]ecause the district court's remand could only have

6    been ordered pursuant to sentence four, Flores became the prevailing party at the time of

7    remand").  "An applicant for disability benefits becomes a prevailing party for the purposes of the

8    EAJA if the denial of her benefits is reversed and remanded regardless of whether disability

9    benefits ultimately are awarded."  Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

10                                    III.  ANALYSIS

11    Plaintiff is the prevailing party in this litigation, as he has obtained a sentence for remand.

12    Moreover, the Court finds that plaintiff did not unduly delay this litigation, and that his net worth

13    did not exceed two million dollars when this action was filed.

14    A.  Substantial Justification

15    The Court also finds that the position of the government was not substantially justified.

16    Defendant argues that Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007), supports its

17    argument that the government was substantially justified.  According to defendant, the case holds

18    that "a limitation to simple repetitive tasks accommodates moderate mental limitations in several

19    areas, including a moderate limitation in completing a work week, which is at issue here."  ECF

20    No. 27 at 3.  However, there is no such holding in Hoopai.

21    The issue in Hoopai was whether, in light of plaintiff's depression, the ALJ was required

22    to obtain the assistance of a vocational expert, or could rely on the Medical-Vocational

23    Guidelines ("Grids"), 20 C.F.R. Part 404, Subpt. P, App. 2.  The ALJ considered plaintiff's

24    depression, and the limitations it created (including the limitation on ability to complete a normal

25    workday and workweek), and determined that it "was not a sufficiently severe non-exertional

26    limitation that prohibited the ALJ's reliance on the grids without the assistance of a vocational

27    expert."  Hoopai, 499 F.3d at 1077.

28    This case does not involve reliance on the grids rather than a vocational expert.  Indeed, a

                                          4

1    vocational expert testified at the ALJ's hearing in this case.  See Administrative Record

2    ("AR") 77-81.  The problem in this case is that the ALJ did not incorporate plaintiff's "moderate"

3    limitation in his "ability to attend a regular work schedule" into his determination of residual

4    functional capacity.  See ECF No. 19 at 9.  By failing to do so, "the ALJ necessarily rejected Dr.

5    Finkle's opinion" regarding that impairment, but failed to give "specific and legitimate reasons"

6    for doing so.  See id.

7         Plaintiff also cites unpublished decisions of the Ninth Circuit, along with district court

8    decisions, in arguing that "'settled circuit case law' and 'established precedent' strongly support

9    the Commissioner's position that "a limitation to simple repetitive tasks accommodates moderate

10   mental limitations in several areas, including those at issue in this case . . .."  ECF No. 27 at 4

11   & 5.  However, unpublished Ninth Circuit decisions are not "precedent" of any kind (outside of

12   "law of the case"), much less "established precedent."  9th Cir. R. 36-3(a) ("[u]npublished

13   dispositions and orders of this Court are not precedent").

14        The only case defendant cites that relates to the issues here is Bustos v. Astrue, 2012 WL

15   5289311 at *5 (E.D. Cal. 2012) (Newman, M.J.). [3]  In Bustos, the ALJ considered plaintiff's

16   impairments as identified by a Dr. Lee, including his moderate limitation in his ability to

17   "complete a normal workday and workweek without interruptions from psychologically based

18

19   _____

     [3]  The other cases defendant cites, apart from not being "precedent," do not support her argument.
20   Defendant inaccurately describes Yasuda v. Comm'r of SSA, 473 F. App'x 787 (9th Cir. 2012)
     (memorandum), as "holding" that "an RFC for 'simple, unskilled work' properly accounted for
21   several moderate mental limitations, including completing a normal workday and work week."
     ECF No. 27 at 4 (emphasis added).  The memorandum decision contains no such holding.  The
22   only limitations relied upon by the court were "the moderate limitations in areas of sustained
     concentration and persistence."  Yasuda, 473 F. App'x at 788.  Defendant is improperly claiming
23   language from the dissent as part of the "holding."  Meanwhile, Propps v. Comm'r of SSA, 460
     F. App'x 657 (9th Cir. 2011) (memorandum), and Perea v. Comm'r of Social Security, 2012 WL
24   1131527 (E.D. Cal. 2012) (Kellison, M.J.), aff'd, 574 F. App'x 771 (9th Cir. 2014)
     (memorandum), do not involve or discuss the limitation involved here, namely, the ability to
25   complete a normal work day and work week (or attend to a regular work schedule).  In Edelbrock
     v. Comm'r of Social Security, 2013 WL 1622446 (E.D. Cal. 2013) (Thurston, M.J.), the ALJ
26   rejected the treating doctor's opinion that plaintiff could not complete "a normal workday and
     workweek without interruptions from psychologically-based symptoms," and plaintiff did not
27   challenge the ALJ's rejection of the opinion.  Edelbrock, 2013 WL 1622446 at *4 n.2.

28

symptoms."  2012 WL 5289311 at *4.  On appeal, plaintiff argued that "the ALJ, while ostensibly

giving significant weight to Dr. Lee's opinion (AT 16), actually rejected Dr. Lee's specific

findings regarding plaintiff's various moderate mental functional limitations."  Id. at *5.  The

court rejected that argument, explaining that "an ALJ may synthesize and translate assessed

limitations into an RFC assessment without repeating each functional limitation verbatim in the

RFC assessment."  Id.

That is not what happened in this case.  Here, the ALJ expressly relied upon the

vocational expert's assessment that "the claimant was capable of performing his past relevant

work even if he had the limitations of the residual functional capacity determined in this

decision."  AR 19.  However, in this case, the vocational expert was not asked about the

limitation at issue here, namely, plaintiff's moderate limitation in his ability to "attend to a regular

work schedule."  See AR 18.  To the degree it was addressed, the vocational expert indicated that

plaintiff could not find work with the limitation.  The vocational expert was asked "if a person

were to miss three days or more during a month, would they be able to perform that job?"  AR 80.

He responded "No, they would not be retained with that kind of an absentee rate in competitive

employment."  Id.  Even two absences in a month was "marginal."  Id.  Only with an

"understanding employer" could plaintiff miss "one, possibly two a month."  AR 80-81.

The court accordingly finds that the government's position was not substantially justified.

Because the government's underlying position was not substantially justified, the undersigned

need not address whether the government's litigation position was justified.  Meier v. Colvin, 727

F.3d 867, 872 (9th Cir. 2013).

B.  Reasonableness of the Fee Request

1.  Pre-complaint work

Defendant argues that "the Court should strike 1.6 hours for the billing entries that pre-

date the complaint, as those are not compensable under EAJA."  ECF No. 27 at 6.  Defendant

cites 28 U.S.C. § 2412(d) and Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991) for this proposition,

even though neither the statute nor the case support it.  The statute provides that the court shall

award fees to the prevailing party "in any civil action," including "proceedings for judicial review

1   of agency action" brought against the United States. 28 U.S.C. § 2412(d)(1)(A).  Defendant

2   argues, apparently, that all the work plaintiff's attorney did in preparation for filing the complaint

3   must be done for free.  However, that work is a part of the proceeding for judicial review, because

4   it must be done before the complaint is filed lest counsel subject himself to sanctions under Fed.

5   R. Civ. P. 11.  See Tate v. Colvin, 2013 WL 5773047, at *4 (E.D. Cal. 2013) (Oberto, M.J.) ("As

6   a practical matter, some work must be performed to initiate the civil suit – a part of which

7   includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting

8   and filing the necessary documents to commence the action.  Such work is wholly separate from

9   the underlying administrative proceedings and is clearly related to the civil action . . .");

10  Levernier Const., Inc. v. United States, 947 F.2d 497, 501 n.2 (Fed. Cir. 1991) ("fees for legal and

11  factual research preparatory to Claims Court litigation constitute 'fees ... incurred by [a] party in

12  [a] civil action'") (quoting 28 U.S.C. § 2412(d)(1)(A)).

13          Specifically, counsel reviews the ALJ's decision and the Appeals Council decision before

14  filing the complaint, to ensure that plaintiff's claim and his legal contentions are warranted.  Fed.

15  R. Civ. P. 11(b)(2).  Counsel meets with his client and/or former counsel before filing the

16  complaint, to ensure that the factual allegations of the complaint have evidentiary support.  Fed.

17  R. Civ. P. 11(b)(3).  Accepting defendant's argument would mean that plaintiff's lawyer – unlike

18  defendant's lawyer – is required to work for nothing.  Alternatively, he must subject himself to

19  Rule 11 sanctions every time he files a complaint, since without a sufficient pre-filing inquiry, he

20  would know nothing about the merits of the lawsuit he is filing.

21          Defendant also relies on Melkonyan for this proposition.  According to defendant,

22  Melkonyan "notes" that "compensation is not permitted for work performed before a suit has

23  been brought in a court."  ECF No. 27 at 6.  In fact, the Melkonyan does not "note" this, nor

24  support defendant's contention in any way.[4]  The discussion defendant references in Melkonyan

25  _____

    [4]  This has already been pointed out to defendant on more than one occasion.  See Tate, 2013 WL
26  5773047 at *4 ("neither the statute nor the cases cited by the Commissioner [Melkonyan and
    Mendenhall v. NTSB, 213 F.3d 464, 469 (9th Cir. 2000)] stand for the proposition that the EAJA
27  disallows compensation for work performed in preparation of a civil action"); McClintock v.
    Astrue, 2011 WL 1043718 at *1 (S.D. Cal. 2011) ("neither the statute nor the cases Defendant
28  (continued…)

                                                7

1    is an explanation of the Court's holding in <u>Sullivan v. Hudson</u>, 490 U.S. 877 (1989).  The

2    <u>Melkonyan</u> court explained that <u>Sullivan</u> allowed Section 2412(d) EAJA fees for work at the

3    administrative level "in those cases where the district court retains jurisdiction of the civil action

4    and contemplates entering a final judgment following the completion of administrative

5    proceedings."  <u>Melkonyan</u>, 501 U.S. at 97.  The court reiterated what it said in <u>Sullivan</u>, namely,

6    that "'[w]e did not say that proceedings <u>on remand</u> to an agency are "part and parcel" of a civil

7    action in federal district court for all purposes . . ..'"  <u>Id.</u> (emphasis added) (quoting <u>Sullivan</u>, 490

8    U.S. at 630-31).  The referenced discussion thus "notes" only that the administrative proceedings

9    themselves are generally not a part of the "civil action" that remands the matter back to the

10    agency.  There is simply no holding, statement, or note in <u>Melkonyan</u> that could possibly be

11    interpreted as indicating that work done <u>after</u> completion of the administrative process, but that

12    pre-dates the complaint, is non-compensable under EAJA.

13                2.  <u>"Clerical" tasks</u>

14        Defendant asserts that "the billing sheet contains several entries that are clerical in

15    nature," and argues that "[c]lerical tasks are not compensable under EAJA."  ECF No. 27 at 6.

16    However, defendant does not identify a single entry in the billing sheet to which this argument

17    applies.  The court therefore summarily rejects this argument.

18                3.  <u>"Routine" issues</u>

19        The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C.

20    § 2412(d)(2)(A).  Under EAJA, hourly rates for attorney fees have been capped at $125.00 since

21    1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

22    of living.  <u>See</u> 28 U.S.C. § 2412(d)(2)(A); <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1147-49 (9th

23    Cir. 2001).  Determining a reasonable fee "'requires more inquiry by a district court than finding

24    the product of reasonable hours times a reasonable rate.'"  <u>Atkins v. Apfel</u>, 154 F.3d 986, 988

25    cites [<u>Melkonyan</u> and <u>Mendenhall</u>] stands for the proposition that the EAJA does not permit

26    compensation for work performed before a civil action is filed").  Although those district court

27    decisions are not binding as would be the controlling law of the Ninth Circuit, they warrant more than a single-sentence, unexplained repetition of the plainly incorrect view that "billing entries that pre-date the complaint . . . are not compensable under the EAJA."

28

1   (9th Cir. 1998) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations

2   omitted)).  The district court must consider "'the relationship between the amount of the fee

3   awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).

4        In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and

5   Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory

6   maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on

7   the Court's website.  See http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last

8   visited by the undersigned on April 1, 2015).  Here, plaintiff requests a rate of $184.32 per hour

9   for 34.30 attorney hours for work done in 2012, and the same rate for 6.50 hours of attorney hours

10  for work done in 2013, for a total claimed award of $7,520.26 for 40.80 attorney hours of work.

11  The $184.32 rate is the maximum rate established by the Ninth Circuit for attorney work done in

12  2012.  The higher rate for 2013, which plaintiff does not claim, is $187.02.

13       Here, plaintiff's attorney obtained a sentence four remand order for a new hearing, despite

14  defendant's cross-motion for summary judgment.  After carefully reviewing the record and the

15  pending motion, the court finds that the claimed 40.80 hours to be a reasonable amount of

16  attorney time to have expended on this matter and declines to conduct a line-by-line analysis of

17  counsel's billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993);

18  Vallejo v. Astrue, 2011 WL 4383636, at *4 (E.D. Cal. 2011) (Newman, M.J.); Destefano v.

19  Astrue, 2008 WL 623197, at *4 (E.D.N.Y.) (Mann, M.J.), adopted, 2008 WL 2039471 (E.D.N.Y.

20  2008).  Even assuming, as defendant argues, that the issues presented were "routine," 40.80 hours

21  can be fairly characterized as well within the limit of what would be considered a reasonable

22  amount time spent on this action – involving cross-motions for summary judgment and a motion

23  to amend the judgment – when compared to the time devoted to similar tasks by counsel in like

24  social security appeals coming before this court.  See Boulanger v. Astrue, 2011 WL 4971890, at

25  *2 (E.D. Cal. 2011) (Drozd, M.J.) (finding 58 hours to be a reasonable amount of time); Watkins

26  v. Astrue, 2011 WL 4889190, at *2 (E.D. Cal. 2011) (Drozd, M.J.) (finding 62 hours to be a

27  reasonable amount of time); Vallejo v. Astrue, 2011 WL 4383636, at *5 (E.D. Cal. 2011)

28  (Newman, M.J.) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, 2009

1   WL 800174, at *2 (E.D. Cal. 2009) (Drozd, M.J.) (finding 41 hours to be a reasonable amount of

2   time).  The court will therefore award the requested amount.

3                    4.  <u>Fees for issues not decided in plaintiff's favor</u>

4          Defendant argues that "Plaintiff's counsel should not be entitled to fees for the time spent

5   briefing the issues on which the Court ultimately affirmed the Commissioner."  ECF No. 27 at 6.

6   In support, defendant quotes <u>NRDC v. Winter</u>, 543 F.3d 1152, 1163 (9th Cir. 2008) for the

7   proposition that "'the district court should make clear that it has considered the relationship

8   between the amount of the fee awarded and the results obtained.'"  <u>Id.</u>  The court has considered

9   plaintiff's result – a sentence four remand for a new hearing – in determining that the full amount

10  requested will be awarded.  Plaintiff here achieved full success.  He did not achieve "limited

11  success" just because the remand was not based upon every one of his arguments.[5]  In this case,

12  even if plaintiff's other arguments had succeeded, they would likely have resulted in the same

13  sentence four remand.  The court finds that it was reasonable for plaintiff to present all the

14  arguments for remand that he did.

15                    5.  <u>Fees for the EAJA motion</u>

16         Plaintiff seeks fees for the hours counsel spent preparing the initial EAJA motion.  ECF

17  No. 29.  Defendant has not filed an opposition.

18         Plaintiff is entitled to an award of fees for attorney hours spent on the EAJA fee

19  application.  <u>Love v. Reilly</u>, 924 F.2d 1492, 1497 (9th Cir. 1991) ("under the EAJA, the

20  prevailing party is automatically entitled to attorney's fees for any fee litigation once the district

21  court has made a determination that the government's position [on the merits of the underlying

22  claims] lacks substantial justification").

23  ////

24  ////

---

25  [5]  Indeed, a remand normally is not granted on every one of a plaintiff's arguments, even if each
26  of them would independently have succeeded, because once a remand is warranted, the court
    generally does not consider plaintiff's remaining arguments.  <u>See, e.g.</u>, <u>Stoughton v. Colvin</u>, 2014
27  WL 4925278 at *8 (E.D. Cal. 2014) (Claire, M.J.) ("[b]ecause remand is appropriate on these
    grounds, the Court declines to consider plaintiff's remaining arguments").

28

1         Here, plaintiff requests a rate of $186.98 per hour for 3.40 hours of attorney work done in

2    2013,[6] and a rate of $189.73 per hour for 6.90 hours of attorney work done in 2014,[7] for a total

3    claimed award of $1,944.87 for 10.30 hours of attorney work.[8]  Plaintiff's un-opposed submission

4    facially shows his entitlement to fees, and the reasonableness of the hours claimed.  The court

5    will therefore award the requested amount.

6         C.  Payment to plaintiff or his attorney

7         Defendant argues that any award should be made payable to plaintiff, rather than his

8    attorney.  Defendant is correct that Astrue v. Ratliff, 560 U.S. 586, 598 (2010),  requires

9    attorney's fees awarded under 28 U.S.C. § 2412(d) to be paid directly to litigants.   However,

10   subsequent decisions in this district and elsewhere have ordered payment directly to plaintiff's

11   counsel where plaintiff has assigned his right to EAJA fees to his attorney, provided that the

12   plaintiff has no debt that requires offset.  See Allen v. Colvin, 2014 WL 6901870 at *3 (E.D.

13   Cal. 2014) (Claire, M.J.); Knyazhina v. Colvin, 2014 WL 5324302 at *3 (E.D. Cal. 2014) (Drozd,

14   M.J.); Louis v. Astrue, 2012 WL 92884 at *7 (E.D. Cal. 2012) (Snyder, M.J.) (ordering that "any

15   balance of the awarded fees remaining after the offset of the fees to satisfy Plaintiff's other federal

16   obligations under the Treasury Offset Program (31 U.S.C. § 3716) shall be paid directly to

17   Sackett & Associates [plaintiff's counsel] on Plaintiff's behalf"); Burnham v. Astrue, 2011 WL

18   6000265 at *2 (E.D. Cal. 2011) (Brennan, M.J.); and Calderon v. Astrue, 2010 WL 4295583 at *8

19   (E.D. Cal. 2010) (Austin, M.J.);[9] but see, Ybarra v. Comm'r of Social Sec., 2014 WL 6833596 at

20   _____

21   [6]  The 2013 rate according to the Ninth Circuit's calculation is $187.02, so plaintiff's lower
     number will be accepted.

22   [7]  The 2014 rate according to the Ninth Circuit's calculation is $190.06, so plaintiff's lower
     number will be accepted.

23   [8]  Plaintiff requests an award totaling $1,944.89.  If the additional two cents plaintiff claims is the
     result of rounding or something else, he has not stated so, and thus the court will treat it as a

24   typographical or arithmetic error.

25   [9]  See also, Ramirez v. Colvin, 2015 WL 774098 at *5 (C.D. Cal. 2015) ("after any such offset
     plaintiff's counsel is entitled to direct payment of the EAJA award since there has been a valid
     assignment"); Neilsen v. Colvin, 2014 WL 1921317 at 3-4  (N.D. Cal. 2014) (since there is an

26   assignment to counsel, the court ordered defendant "to pay the full amount of the EAJA fees
     awarded directly to Plaintiff's counsel, subject to any debt offset"); McClintock v. Astrue, 2011

27   WL 1043718 a *3 (S.D. Cal. 2011) ("[i]f Defendant determines that Plaintiff does not have any
     pre-existing debt obligations, Defendant shall promptly direct payment of attorney fees to

28   (continued…)

1   *4 (E.D. Cal. 2014) (McAuliffe, M.J.) (declining to order payment to attorney where "the

2   Commissioner has asserted he has not waived the requirements of the Anti-Assignment Act and

3   contends there is no current information whether Plaintiff owes a federal debt"); Gentry v.

4   Colvin, 2014 WL 3778248 at *7 (E.D. Cal. 2014) (Oberto, M.J.) (award payable to attorney only

5   if "the government determines that Plaintiff does not owe a federal debt and waives the

6   requirements of the Anti-Assignment Act").

7       Plaintiff has submitted with his motion a copy of such an agreement assigning his right to

8   EAJA fees to his attorney.  ECF No. 24-2.  Accordingly, the court will honor the agreement

9   between the litigant and his attorney, assuming that the litigant has no debt that requires offset.

10  The Court will incorporate such a provision in this order.

11      Accordingly, IT IS HEREBY ORDERED that:

12      1.  Plaintiff's motions for attorney fees under the Equal Access to Justice Act (ECF

13  Nos. 24 & 29), are GRANTED;

14      2.  Plaintiff is awarded a total of $9,465.13 for attorney fees under 28 U.S.C. § 2412(d),

15  which amount includes $7,520.26 for the original EAJA fee motion, and $1,944.87 for the motion

16  for fees for the EAJA motion; and

17      3.  Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any

18  offset permitted under the United States Department of the Treasury's Offset Program and, if the

19  fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause

20  the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed

21  by plaintiff.

22  DATED: April 2, 2015

23

24  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

25

26

27
    _____

28  Plaintiff's counsel as provided in this order").